Dunkin, Ch.
The facts of this case are set forth in the petition — the bill was sustained; and one of the grounds of appeal made by the defendant was, that the complainant had a plain and adequate remedy at law. It is said in Perry v. Nixon, (1 Hill Ch. R. 336,) that “before a creditor seeking relief touching the personal assets of his debtor, can come into this Court, he must shew not only the judgment and execution, but that he has pursued his execution at law to every available extent.” The authorities cited are, Brinckenhoff v. Brown, (4 John. C. R. 676,) and Scriven v. Bostwick, (2 M'Cord C. R. 416;) and in the former case Chancellor Kent speaks of this as the settled rule in chancery. In M'Dermutt v. Strong, (4 John. C. R. 691,) the Court again say the law is “clearly settled, that before a judgment creditor can come here for aid, against the goods and chattels of his debtor, or against any equitable interest which he may have therein, he must first take out execution, and cause it to be levied or returned, so as to shew thereby that his remedy at law fails, and that he has also acquired *145 by that act ofdiligónce, 'a legal preference to the debtors iútérest.” In the case under consideration, it was incumbent on the complainant to show that he had pursued his legal remedy, and he had failed, and that he bad also acquired by that act of diligence, a legal preference to the debtor’s interest; this not having been done, it seems to the Court, that the bill should have been dismissed, and it is so ordered.